IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANDERSON BOWDEN,

    Plaintiff,

v.                                               No. 1:16-cv-01316-JDB-egb

CITY OF MIDDLETON, TENNESSEE,
*et al.*,

    Defendants.

___

ORDER DISMISSING CASE WITHOUT PREJUDICE
___

On December 12, 2016, the Plaintiff, Anderson Bowden, filed a *pro se* complaint against the Defendants, City of Middleton, Tennessee, and its mayor and board of aldermen, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (Docket Entry ("D.E.") 1.) The docket reflects that the Clerk of Court provided Bowden with three blank summonses and a Rule 4 Service Handout. The Plaintiff was advised that he was to present the Clerk with a properly completed summons for each Defendant and the Clerk would then issue the summonses to Bowden for service on the Defendants.

No further notations were made on the docket thereafter until, pursuant to Administrative Order 2013-05, United States Magistrate Judge Edward G. Bryant, on October 31, 2017, issued an order directing Bowden to show cause within fourteen days why this matter should not be dismissed in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. (D.E. 6.) The time for complying with the Court's directive has expired without response by the Plaintiff.

Rule 4 requires that a summons be served upon each defendant along with a copy of the complaint. Fed. R. Civ. P. 4(b) & (c)(1). The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Establishing good cause is the plaintiff's responsibility and necessitates a demonstration of why service was not made within the time constraints." *Bailey v. Ingram*, No. 16-6707, 2017 WL 5644368, at *2 (6th Cir. Aug. 30, 2017) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)) (internal alterations & quotation marks omitted). The provisions of Rule 4 apply to *pro se* plaintiffs in the same measure as to those who are represented by counsel. *Every v. Brennan*, No. 3:16-cv-710, 2017 WL 4582340, at *2 (E.D. Tenn. Oct. 12, 2017).

In order to comply with Rule 4(m), Bowden must have served the Defendants by March 12, 2017. There is no indication on the docket that service was effected by that date or since. Plaintiff was advised in the October 31, 2017, order that failure to show cause for his lack of timely service would result in dismissal of this matter under Rule 4(m). In failing to respond to the show cause order, he has offered the Court nothing upon which to base an extension of time for service. Thus, it is the opinion of this Court that dismissal is appropriate under Rule 4(m).

Moreover, Rule 41(b) permits dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Four factors are generally relevant to the Court's consideration under the Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 427 (6th Cir. 2016) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 703-04 (6th Cir. 2013)), *cert. denied*, 137 S. Ct. 2249 (2017).

Under the first consideration, a party seeking to avoid dismissal must show his failure to comply with the orders of the court was the result of inability to comply, not willfulness or bad faith. *Atwater v. Bank of N.Y. Mellon Trust Co., N.A.*, 586 F. App'x 222, 222-23 (6th Cir. 2014) (per curiam). No such showing has been made here. As to the second, there does not appear to be any prejudice to the Defendants because it is unclear they were even aware the lawsuit had been filed. *See Shavers v. Bergh,* 516 F. App'x 568, 570 (6th Cir. 2013) (per curiam) ("A defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.") Prior notice in accordance with the third factor "is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 315 (6th Cir. 2015) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)) (alterations omitted). Prior notice is present in the instant matter, as the Plaintiff was clearly warned that failure to respond to the show cause order would result in dismissal. *See Atwater*, 586 F. App'x at 223 (third factor shown where plaintiff was warned in a show cause order that failure to respond would result in dismissal). While courts are not required to always articulate their considerations of lesser sanctions under

the fourth factor, *id.*, the undersigned can conceive of no lesser sanction it could impose on the Plaintiff under the circumstances of this case that would move this matter forward.

Simply put, Bowden appears to have filed his complaint and walked away from this case, even going so far as to utterly ignore the Court's admonition that failure to respond to its show cause order would result in dismissal. The Court's consideration of the foregoing factors, therefore, supports dismissal under Rule 41(b). *See id.* at 222-23 (affirming district court's Rule 41(b) dismissal where plaintiff had shown no inability to comply with court's order and had been warned failure to respond to show cause order would result in dismissal); *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (per curiam) (district court's dismissal of case upheld where plaintiff simply ignored court order after being warned a failure to comply risked dismissal of his complaint).

For the reasons articulated herein, the complaint is hereby DISMISSED without prejudice.

IT IS SO ORDERED this 1st day of December 2017.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE